## UNITED STATES *v.* BOSTON & A. R. CO.

## SAME *v.* FITCHBURG R. CO.

*(District Court, D. Massachusetts.    February 16, 1883.)*

1. CARRIERS OF LIVE-STOCK—CONSTRUCTION OF STATUTES.

By the provisions of the Revised Statutes of the United States, §§ 4386, 4390, no common carrier of cattle, sheep, swine, or other animals, conveying the same from one state to another, shall confine the same in cars, boats, or vessels for a longer time than 28 consecutive hours, without unloading the same for rest, water, and feeding for a period of at least five consecutive hours. Section 4387 gives to those who give such care a lien on the animals for the expenses incurred, and relieves them from liability for the detention. Section 4388 fixes the penalty for violating such statute at not less than $100 nor more than $500. Sections 4389 and 4390 provide that the penalty may be recovered by civil action in the name of the United States in the circuit and district courts, and that the lien given by section 4387 may be enforced by petition in the district court.

2. SAME—CONSTITUTIONALITY OF STATUTE.

Authority for this legislation is found in that clause of the constitution which confers upon congress the power to regulate commerce among the several states.

3. SAME—PENALTY FOR VIOLATION.

The penalty imposed by section 4388 is not less than $100 nor more than $500, where more than one animal is carried and confined in violation of the statute. The statute cannot be so construed as to make the unlawful confinement of each animal constitute a separate offense, and thus multiply the penalty by the whole number of animals.

On Demurrer.

*A. E. Pillsbury,* for plaintiff.

*A. L. Soule,* for Boston & A. R. Co.

*W. S. Stearns,* for Fitchburg R. Co.

NELSON, J.    These two cases are actions against railroad companies to recover penalties incurred under Rev. St. §§ 4386–4390. The answer in each case contains a demurrer to the plaintiff's declaration.    Section 4386 reads as follows:

"No railroad company within the United States, whose road forms any part of a line of road over which cattle, sheep, swine, or other animals are conveyed from one state to another, or the owners or masters of steam, sailing, or other vessels carrying or transporting cattle, sheep, swine, or other animals from one state to another, shall confine the same in cars, boats, or vessels of any description for a longer period than 28 consecutive hours, without unloading the same for rest, water, and feeding for a period of at least five consecutive hours, unless prevented from so unloading by storm or other accidental causes.    In estimating such confinement the time during which the animals

have been confined without such rest on connecting roads from which they are received shall be included, it being the intent of this section to prohibit their continuous confinement beyond the period of 28 hours, except upon contingencies hereinbefore stated."

Section 4387 makes it the duty of the owner or custodian, or in case of their default of the railroad company, or owners or masters of boats and vessels, to properly feed and water the animals when unloaded; gives to the latter a lien on the animals for the expense so incurred; and relieves them from liability for the detention:

Section 4388. Any company, owner, or custodian of such animals, who knowingly and willingly fails to comply with the provisions of the two preceding sections, shall, for every such failure, be liable for and forfeit and pay a penalty of not less than $100 nor more than $500. But when animals are carried in cars, boats, or other vessels in which they can and do have proper food, water, space, and opportunity to rest, the provisions in regard to their being unloaded shall not apply.

Sections 4389 and 4390 provide that the penalty may be recovered by civil action, in the name of the United States, in the circuit and district courts, and that the lien given by section 4387 may be enforced by petition in the district court.

In the first case the declaration alleges that the—

"Defendant's road forms part of a line of road over which cattle, sheep, and swine are conveyed from one state to another, to-wit, from the state of New York to the state of Massachusetts;" that in July, 1882, the "defendant, being engaged in conveying 1,380 sheep over its said road from Albany, in the state of New York, to Boston, in the state of Massachusetts, did knowingly and willfully confine said sheep, and each and every one thereof, in cars upon its said road, without unloading the same for rest, water, and feeding for the period of five hours, in any period, for and during a longer period than 28 consecutive hours, to-wit, for 41 consecutive hours, inclusive of the time during which said animals had been so confined without such rest on a connecting road, to-wit, the New York Central & Hudson River Railroad, from which said defendant received the same; that said defendant or said connecting road was not prevented from so unloading said animals or any thereof by storm or other accidental cause, and that said animals were not then and there carried by the defendant, or by said connecting road, in cars or other conveyance in which they could and did have proper food, water, space, and opportunity to rest."

The penalty demanded is "$100 for each of said animals, to-wit, the sum of $10,000."

In the second case the declaration is similar in substance, and alleges that the—

"Defendant's road forms part of a line of road over which cattle, sheep, and swine are conveyed from one state to another, to-wit, from the state of Ver-

mont to the state of Massachusetts," and that in July, 1882, the defendant "being engaged in carrying 1,875 swine over its said road from Winchendon to Cambridge, in said state of Massachusetts, in the course and as a part of the transportation of said swine from points in the Dominion of Canada into and through said state of Vermont, and thence into and through said state of Massachusetts to said Cambridge, did knowingly and willfully," etc.

The penalty demanded is "$100 for each of said animals, to-wit, the sum of $10,000."

1. The first ground of demurrer stated is that the statute on which the declaration is based is unconstitutional and void. Authority for this legislation is found in that clause of the constitution which confers upon congress the power to regulate commerce among the several states. In congress alone, under the constitution, is this authority vested. No state is competent to make regulations of this character, and, until congress exercises its authority upon the subject, transportation of merchandise from one state to another is free. All this is settled beyond controversy by a long line of decisions of the supreme court. *Gibbons* v. *Ogden,* 9 Wheat. 1; *Welton* v. *Missouri,* 91 U. S. 275; *Sherlock* v. *Alling,* 93 U. S. 99; *Railroad Co.* v. *Husen,* 95 U. S. 465; *Pensacola Tel. Co.* v. *West. U. Tel. Co.* 96 U. S. 1; *Telegraph Co.* v. *Texas,* 105 U. S. 460; *Bridge Co.* v. *U. S.* 105 U. S. 470; *Sweatt* v. *Railroad Co.* 3 Cliff. 339. The statute in question is directly within the terms of this clause of the constitution. It imposes regulations upon a particular class of traffic between states, and declares in what manner and upon what conditions it shall be carried on. The statute cannot be any the less within the constitutional authority of congress, because its object is to require the humane treatment of live animals when in course of transportation as articles of commerce from one state to another. A railroad company in this state, whose road forms part of a line of road over which live animals are conveyed from another state to points in this state, and which receives from its connecting roads to be transported in this state animals which have been brought from another state, is engaged in interstate commerce, and as such is within the terms of the act of congress.

2. The second ground of demurrer is that the penalty sued for is not the penalty imposed by the statute. This must be sustained. The confinement of the entire number of animals for a longer period than 28 consecutive hours, without unloading for rest, water, and feeding, is a single offense, for which the defendants are made liable to the penalty. By no fair construction of the statute can the

unlawful confinement of each animal be held to constitute a separate offense, and thus the penalty be multiplied by the whole number of animals carried. The statute fixes the penalty at "not less than one hundred nor more than five hundred dollars." Within these limits the amount of the penalty is to be determined by the court, after verdict for the plaintiff. The plaintiff can only sue for the penalty prescribed by the statute.

The demurrers are overruled on the first ground and sustained on the second. The plaintiff is to have 10 days within which to amend its declaration in each case. Ordered accordingly.