Gene **RAWDON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19492.

United States Court of Appeals
Ninth Circuit.

Aug. 12, 1966.

Rehearing Denied Sept. 20, 1966.

Gene Rawdon, in pro. per.

Cecil F. Poole, U. S. Atty., Robert N. Ensign, Asst. U. S. Atty., for appellee.

Before CHAMBERS, POPE and HAMLEY, Circuit Judges.

PER CURIAM.

On and prior to the 7th day of August, 1960, the appellant Rawdon held an airman mechanic certificate issued to him pursuant to the Federal Aviation program authorizing him to perform periodic inspections on civil aircraft as provided in 49 U.S.C. Sec. 1429. On August 17, 1960, the administrator of the Federal Aviation Agency issued an order suspending his airman mechanic certificate for a period of thirty days. Following Rawdon's appeal from that order, and after a hearing before a hearing examiner of the Civil Aeronautics Board at which Rawdon was present and defended himself, the hearing examiner issued an initial decision ordering suspension of said airman mechanic certificate for a period of fifteen days. Upon review of that initial decision by the full Aeronautic Board it was affirmed.

Rawdon petitioned the Board for reconsideration. On the 27th day of September, 1961, the Board denied his petition and issued an order suspending his airman mechanic certificate for fifteen days. Said order further provided that if Rawdon failed to surrender his certificate to the Regional Counsel, Federal Aviation Agency, Kansas City, Missouri, on or before October 7, 1961, the suspension order would continue for an additional period of fifteen days subsequent to the actual date of surrender. Such surrender has not been made.

Following the Board's order no petition for review thereof was ever filed by Rawdon as authorized by 49 U.S.C. Sec. 1486, and in consequence thereof the same became final and by reason of the circumstances above mentioned this certificate

remained and still remains suspended and inoperative.

On March 1, 1962, the United States filed in the District Court of the district wherein Rawdon resided and wherein he had held his airman mechanic certificate a libel of information and complaint alleging that notwithstanding the suspension of his certificate in the manner above described, Rawdon on October 11, 1961, and on October 12, 1961, and on February 4, 1962, performed periodic inspection on three described civil aircraft and certified that the same were then in air-worthy condition. It was alleged that thereby appellant violated Sec. 1430 (a) (2) and hence was subject to the civil penalties provided for in Title 49 Sec. 1471 U.S.C. The prayer was for a decree for recovery of appropriate penalties to be fixed by the court.

After service of process on the appellant and after answer had been filed by him, it was made to appear to the court that when the action had been filed that Rawdon had removed his residence to San Jose, California, in the northern district of California, and an order was made changing the venue of said action to the United States District Court for the Northern District of California at San Francisco. Thereafter the United States filed a motion for summary judgment with supporting affidavits and exhibits. After an initial order granting this summary judgment had been set aside, the motion for summary judgment was renewed and granted and the civil penalty was fixed in the amount of $100 on account of each of the three violations alleged in the complaint, making a total of $300 awarded as civil penalties, together with costs of action, and judgment was entered accordingly. This is an appeal from that judgment.

As the motion for summary judgment was supported by proper affidavit showing and disclosing all the facts herein before stated, that the certificate referred to had been suspended and had remained suspended and no petition for court review of the order of suspension had ever been filed; that the inspections referred to were actually made and certified by the appellant after his certificate had thus been suspended, and as no counter showing as required by Rule 56 of the Rules of Civil Procedure was made by and on behalf of the appellant, it is plain that the entry of the summary judgment was proper and accordingly the same is affirmed.

During the course of the proceedings in this court appellant made application to have the record amplified by requirement that all the proceedings before the Civil Aeronautics Board be incorporated in this record. In view of the circumstances above related it is obvious that appellant was not entitled to have such matters added to the record here.