UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald B. DUFFY, Defendant-Appellant.

No. 76–1022.

United States Court of Appeals,
Ninth Circuit.

March 22, 1977.

Steven Edmondson, Santa Monica, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Peter H. Kane, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CLARK, Associate Justice, United States Supreme Court,[*] and TRASK and WALLACE, Circuit Judges.

PER CURIAM:

Appellee, the United States, brought this action to recover civil penalties against appellant, Duffy, under the provisions of 49 U.S.C. § 1471(a) and 14 C.F.R. § 121.317(b).[1] In challenging the district court's judgment in favor of appellee for the sum of $500, appellant contends that the court below (1) improperly granted appellee's motion for summary judgment on the issue of liability[2] and (2) improperly denied appellant a jury trial on the issue of the amount of the penalty to be assessed.

Appellant's own admissions unequivocally establish that he violated the particular regulation in question. As there was no material issue of fact left to be determined on the issue of liability, the district court properly granted summary judgment on that issue.

Relevant to appellant's second assignment of error is 49 U.S.C. § 1473(b)(1), which states that in a suit to recover a civil penalty under the Federal Aviation Act "either party may demand trial by jury of any issue of fact." This court must decide whether the question of the amount of the civil penalty to be imposed is an issue of fact, as comprehended by the statute, to be determined by jury trial.

Although this issue has not been squarely addressed by this court, several decisions of the federal courts have stated that the issue of assessment of civil penalties is for the judge to decide rather than the jury. *See, e. g., United States v. ITT Continental Baking Co.,* 420 U.S. 223, 229 n. 6, 95 S.Ct. 926, 43 L.Ed.2d 148 (1975); *United States v. J. B. Williams, Inc.,* 498 F.2d 414, 438 n. 28 (2d Cir. 1974); *United States v. Boston & A. R. Co.,* 15 F. 209, 212 (D.Mass.1883). Further, in civil penalty assessments under the Federal Aviation Act, we find no case where the amount of the civil penalty has been determined by a jury; it has always been the court that has made the assessment. *See, e. g., Rawdon v. United States,* 364 F.2d 803 (9th Cir. 1966), *cert. denied,* 386 U.S. 909, 87 S.Ct. 858, 17 L.Ed.2d 783 (1967); *Aircrane, Inc. v. Butterfield,* 369 F.Supp. 598, 613 (E.D.Pa.1974); *United States v. Duncan,* 280 F.Supp. 975 (N.D. Tex.1968).

We agree with the practice followed by the federal courts in the above-cited cases. We hold that the amount of the civil penalty to be imposed in Federal Aviation Act cases is not a question of fact within the meaning of 49 U.S.C. § 1473(b)(1), and therefore that the district court did not err in denying appellant a jury trial on this question.

---

[*] The Honorable Tom C. Clark, Associate Justice, United States Supreme Court (Ret'd), sitting by designation.

1. Title 49, United States Code, Section 1471(a)(1) states in pertinent part:
"Any person who violates (A) any provision of subchapter III, IV, V, VI, VII, or XII of chapter [20] or of section 1514 of this title or any rule, regulation, or order issued thereunder, or under section 1482(i) of this title, or any term, condition, or limitation of any permit or certificate issued under subchapter IV of this chapter . . . shall be subject to a civil penalty of not to exceed $1,000 for each violation . . . ."
Title 14, Code of Federal Regulations, Section 121.317(b) states in pertinent part:
"No passenger or cabin attendant may smoke while the no smoking sign is lighted. . . ."

2. The government filed a motion for judgment on the pleadings, Rule 12(c), Fed.R.Civ.P., which the trial court considering both the pleadings and the affidavits filed by each party, properly treated as a motion for summary judgment, Rule 56, Fed.R.Civ.P.

The judgment of the district court is AFFIRMED.