Preston **GUILLORY, Frank Ritter, and Ty Ritter, Plaintiffs-Appellants,**

v.

**COUNTY OF ORANGE, et al., Defendants-Appellees.**

No. 82–5062.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1983.

Decided April 25, 1984.

Meir J. Westreich, Santa Ana, Cal., for plaintiffs-appellants.

Charles Matheis, James Slack, Portigal & Hammerton, Santa Ana, Cal., for defendants-appellees.

Before KENNEDY, SKOPIL and PREGERSON, Circuit Judges.

SKOPIL, Circuit Judge:

The appellants, Preston Guillory, Frank Ritter, and Ty Ritter, brought suit under 42 U.S.C. §§ 1983, 1985 and 1986. Appellants alleged that defendants' denial of their applications for concealed weapon permits deprived them of their constitutional rights. Appellants claim that the court erred by dismissing all original defendants except Sheriff Gates, of Orange County, and Police Chief Davis, of the City of Santa Ana, and by granting a directed verdict in favor of Gates and Davis.[1] We reverse and remand.

## FACTS

Between June 1977 and January 1979, Guillory made numerous applications to Gates and Davis for a permit to carry a concealed weapon. Guillory made these

---

1. The original defendants included the County of Orange; Sheriff-Coroner Department of the County of Orange; Sheriff-Coroner Brad Gates, individually and as Sheriff of the County of Orange; Assistant Sheriffs Robert Griffeth and Raol Ramos, Captain Barbara Ayres, Sergeant John Doe Rohn, Investigator Martin Yingling, individually and as Deputy Sheriffs of the County of Orange; City of Santa Ana; Santa Ana Police Department; Chief Raymond C. Davis, individually and as Chief of Police of the City of Santa Ana.

applications pursuant to Cal.Penal Code § 12050 (West 1982), the statute that authorizes permits to be issued. Guillory claimed a need for the permit due to the dangers inherent in his job as a criminal defense investigator. Pursuant to Santa Ana's policy, Guillory's applications to Davis were deferred to Gates. Gates denied Guillory's applications for the permit on the grounds that Guillory failed to meet the statutory requirements that "good cause exist[ ]" for the permit and that the applicant be "of good moral character." Cal.Penal Code § 12050 (West 1982).

Both Frank and Ty Ritter are licensed private investigators in California. In 1979 and 1980 the Ritters made several applications to Gates and Davis for concealed weapon permits. The applications made to Davis were again deferred to Gates, pursuant to Santa Ana's policy. Gates denied without explanation the applications of each of the Ritters.

### PROCEEDINGS BELOW

In June 1979 Guillory filed his district court complaint. He alleged that the denial of his application amounted to a violation of his rights under 42 U.S.C. §§ 1983, 1985, and 1986. He requested damages and injunctive relief. In November 1979 the district court granted the motions to dismiss all of the defendants except Davis and Gates.

In June 1981 the court granted the plaintiffs' motion for leave to file an amended complaint. The Ritters were included as plaintiffs in this amended complaint. This complaint contained essentially the same allegations as the original complaint. It named as defendants not only Gates and Davis, but also the other defendants who had been dismissed from the original complaint. The district court entered a clarification order in which it stated that when it granted leave to amend it did not intend that the amended complaint include as defendants those defendants that had been dismissed in November 1979.

The case then went to trial before a jury. During the trial, the appellants attempted to cross-examine Gates concerning the way he handled the concealed weapon permit applications of other individuals. The district court limited this cross-examination, holding evidence of Gates' handling of other permits was irrelevant.

### ISSUES

1. Did the district court err in dismissing the governmental entity defendants and the other individual defendants?
2. Did the district court err in directing a verdict based on the California statutory immunity provisions and lack of credible evidence to establish a constitutional deprivation?

### DISCUSSION

#### A. Motions to Dismiss

██ The court granted the motions to dismiss the local governmental entities and all individual defendants except Gates and Davis for failure to state a claim. This is a ruling on a question of law, subject to *de novo* review. *Alonzo v. ACF Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir.1981).

██ The court relied on *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), to dismiss the governmental entity defendants. Under *Monell,* a government as an entity may be responsible under section 1983 "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694, 98 S.Ct. at 2037–2038. A governmental entity, however, cannot be held liable. solely because it employs a tortfeasor. *Id.* at 691, 98 S.Ct. at 2036. That is, a plaintiff cannot use the theory of *respondeat superior* to hold a municipality liable under section 1983. *Id.*

██ Here, appellants based liability directly on alleged unconstitutional policies or customs of the local governmental entities and not on the doctrine of *respondeat*

*superior. Cf. Friedman v. Weiner,* 515 F.Supp. 563, 566 (D.Colo.1981) (motion to dismiss denied because liability based directly on alleged unlawful policies). In the original complaint Guillory alleged that when the individually named defendants processed his application they executed the policies and customs established by "directive and/or practice" of the governmental entity defendants. He alleged the denial of the application denied him his constitutional rights. The amended complaint, which included appellants Frank and Ty Ritter as additional plaintiffs, duplicated these allegations.

Assuming the truth of these allegations, *Halet v. Wend Investment Co.,* 672 F.2d 1305, 1309 (9th Cir.1982), it does not appear to a certainty that appellants would not be entitled to any relief. *Id.* The allegations are sufficient to give rise to a cause of action under the Civil Rights Act against the governmental entities. *Monell,* 436 U.S. at 690, 98 S.Ct. at 2035. *See Williams v. Gorton,* 529 F.2d 668, 670 (9th Cir.1976) (listing elements necessary for claim under §§ 1983 and 1985); *cf. Molina v. Richardson,* 578 F.2d 846, 848 (9th Cir.), *cert. denied,* 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978) (plaintiff failed to argue the alleged illegal conduct "may fairly be said to represent [the city's] official policy"). The court erred in dismissing the local governmental entity defendants.

The dismissal of the individual defendants came in the same minute order that dismissed the governmental entities. The court's citation to *Monell* cannot serve to explain the reasons for the dismissal of the individual defendants. *Monell* does not concern liability of individuals acting under color of state law.

■ Guillory's complaint alleged that these defendants were acting under the color of their official capacity as sheriff's deputies for defendant Orange County when they assisted in processing his application. It further alleged they acted separately and in a conspiratorial manner to deprive Guillory of his constitutional rights and that they executed the policies and customs established by "directive and/or practice" of Orange County. The amended complaint duplicates these allegations.

These allegations are sufficient to give rise to a cause of action under the Civil Rights Act against these individual defendants. *Williams v. Gorton,* 529 F.2d 668, 670 (9th Cir.1976). Accordingly, the court erred in dismissing these individual defendants.

## B. *Directed Verdict*

■ The court granted Gates' and Davis' motions for a directed verdict based upon: (1) the immunity provisions of sections 820.2 and 821.2 of the California Government Code; and (2) a lack of credible evidence establishing the alleged constitutional violations. In considering a motion for a directed verdict, we view the evidence as a whole and we draw all possible inferences in favor of the non-moving party. *Shakey's, Inc. v. Covalt,* 704 F.2d 426, 430 (9th Cir.1983).

■ Sections 820.2 and 821.2 of the California Government Code grant immunity to public employees for discretionary acts and for denials of licenses or permits. Gates and Davis argue these provisions are applicable because of the need for judicial abstention in areas where basic policy decisions have been committed to coordinate branches of government. We disagree. State statutory immunity provisions do not apply to federal civil rights actions. *Morrison v. Jones,* 607 F.2d 1269, 1273 (9th Cir.1979), *cert. denied,* 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980). To construe a federal statute to allow a state immunity defense "to have controlling effect would transmute a basic guarantee into an illusory promise", which the supremacy clause does not allow. *Martinez v. California,* 444 U.S. 277, 284 n. 8, 100 S.Ct. 553, 558 n. 8, 62 L.Ed.2d 481 (1980).

■ Appellants also contend they have a due process right to a concealed weapon permit. A licensed private investigator, however, does not have a liberty or property interest in receiving a concealed weapon

permit under Cal.Penal Code § 12050 (West 1982). *Erdelyi v. O'Brien,* 680 F.2d 61, 63–64 (9th Cir.1982); *see Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Appellants further claim they were denied equal protection of the laws by the alleged arbitrary and capricious handling of their applications. Counsel for Gates and Davis contended at oral argument that appellants presented their case solely on a due process theory and cannot now raise the equal protection theory.

█ As a general rule, one may not urge as a ground for reversal a theory not presented to the trial court. *Krause v. Sacramento Inn,* 479 F.2d 988, 989 (9th Cir.1973). An examination of the record, however, reveals that the appellants raised an equal protection claim in their pleadings. The joint pretrial order[2] indicates this claim was preserved for trial. The record does not reveal withdrawal or abandonment of this claim.

The district court acted as if appellants did not have an equal protection claim. Prior to calling Sheriff Gates to the stand, appellants informed the court they intended to examine Gates concerning his handling of permit applications of certain other individuals. Appellants claimed this evidence would establish an inference of arbitrary and capricious application of section 12050. Specifically, appellants maintained this evidence would show their applications were handled differently than those of others, for no rational reason. After appellants made an offer of proof, the court concluded that the only issue in the case was whether Gates and Davis abused their discretion in handling appellants' applications. The court ruled that permits issued or denied to others were irrelevant.

█ Appellants argue that the court erred by preventing them from examining Gates concerning his handling of the applications of certain other individuals. We agree. The appellants were entitled to

place evidence before the jury from which it might find an equal protection violation. By limiting the examination of Gates, the court prevented appellants from doing this. The appellants were unable to attempt to establish how they as a class were treated differently than others. A law that is administered so as to unjustly discriminate between persons similarly situated may deny equal protection. *Yick Wo v. Hopkins,* 118 U.S. 356, 6. S.Ct. 1064, 30 L.Ed. 220 (1886); *Kuzinich v. County of Santa Clara,* 689 F.2d 1345, 1349 (9th Cir.1983).

In addition, we note that at oral argument before this court, the county took the position that it was not bound by the fourteenth amendment equal protection clause, apparently on the theory that the second amendment somehow supersedes it whenever the state's regulation of firearms is at issue. This wholly unsubstantiated position in itself seems to be evidence of the county's official policy of indifference to fourteenth amendment protections.

Accordingly, we conclude the district court abused its discretion by limiting the scope and extent of the cross-examination of Gates. *United States v. Johnson,* 285 F.2d 35, 40 (9th Cir.1960). The directed verdict must be set aside.

### CONCLUSION

The district court erred by dismissing all original defendants except Sheriff Gates and Police Chief Davis, and by granting Gates and Davis immunity. The court also erred in directing a verdict in favor of Gates and Davis.

REVERSED and REMANDED.

---

**2.** The joint pretrial order, although unsigned by Gates or Davis, was filed with the court clerk

prior to trial. At no time have Gates and Davis contested the validity of this order.