**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Donald E. KILPATRICK,
Defendant-Appellee.**

No. 84–2487
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 13, 1985.

Daniel K. Hedges, U.S. Atty., Linda M. Cipriani, C.J. Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellant.

Donald E. Kilpatrick, Houston, Tex. (pro se).

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

The United States filed this action in federal district court under 49 U.S.C. § 1471(a) seeking civil penalties for appellee Donald C. Kilpatrick's interference with the duties of the crewmembers of a Southwest Airlines flight from Houston to Dallas, Texas, in violation of 14 C.F.R. § 91.8. In the complaint it was alleged that Kilpatrick while a passenger aboard a Southwest Airlines aircraft taxiing for takeoff, after repeated directions from the crewmembers, refused to fasten his seatbelt in preparation for takeoff. As a result of Kilpatrick's refusals, the pilot initiated a turn of the aircraft to return to the terminal. At that point, Kilpatrick finally fastened his seat belt and the aircraft departed.

The district court *sua sponte* dismissed the complaint for lack of jurisdiction finding that the Government should have filed the action with the Secretary of Transportation or the Civil Aeronautics Board and thereby apparently holding that the Government had not properly pursued administrative remedies. The Government's timely motion to amend or alter the judgment and reinstate the case pursuant to Fed.R.Civ.P. 59(e) was denied. Kilpatrick's pro se "Motion Opposing Court's Dismissal" was also denied. The Government filed a timely notice of appeal. This Court has jurisdiction of the appeal pursuant to 28 U.S.C. §§ 1291, 1345, and 1355, and 49 U.S.C. §§ 1471(a)(1), 1473(b)(1), and 1487(b).

The Government asserts that the violation alleged in the complaint did not fall within the category of cases discussed in 49 U.S.C. § 1471(a)(1) which require administrative action prior to judicial action. Section 1471(a)(1) provides:

Any person who violates (A) any provision of subchapter III, IV, V, VI, VII, or XII of this chapter or of section 1514 of this title or any rule, regulation, or order issued thereunder, or under section 1482(i) of this title, or any term, condition, or limitation of any permit or certificate issued under subchapter IV of this chapter, or (B) any rule or regulation issued by the Postmaster General under this chapter, shall be subject to a civil penalty of not to exceed $1,000 for each such violation, except that the amount of such civil penalty shall not exceed $10,000 for each such violation which relates to the transportation of hazardous materials. If such violation is a continuing one, each day of such violation shall constitute a separate offense. The amount of any such civil penalty which relates to the transportation of hazardous materials shall be assessed by the Secretary, or his delegate, upon written notice upon a finding of violation by the Secretary, after notice and an opportunity for a hearing. In determining the amount of such penalty, the Secretary shall take into account the nature, circumstances, extent, and gravity of the violation committed and, with respect to the person found to have committed such violation, the degree of culpability, any history of prior offenses, ability to pay, effect on ability to continue to do business, and such other matters as justice may require. The amount of any such civil penalty for any violation of any provision of subchapter IV of this chapter, or any rule, regulation, or order issued thereunder, or under section 1482(i) of this title, or any term, condition, or limitation of any permit or certificate issued under subchapter IV of this chapter shall be assessed by the Board only after notice and an opportunity for a hearing and after written notice upon a finding of violation by the Board. Judicial review of any order of the Board assessing such a penalty may be obtained only pursuant to section 1486 of this title....

Subsection (2) of § 1471(a) provides that "[a]ny civil penalty may be compromised by the Secretary of Transportation in the case of violations of subchapters III, V, VI, or XII of this chapter, or any rule, regulation, or order issued thereunder...." 49 U.S.C. § 1471(a)(2).

The complaint alleged that Kilpatrick violated a Federal Aviation Regulation. This regulation provides that "[n]o person may assault, threaten, intimidate, or interfere with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated." 14 C.F.R. § 91.8(a) (1984). This regulation was promulgated pursuant to subchapter VI of the Federal Aviation Act, which empowers the Administrator of the Federal Aviation Administration to prescribe "[s]uch reasonable rules and regulations, or minimum standards, governing other practices, methods, and procedure, as the Administrator may find necessary to provide adequately for national security and safety in air commerce." 49 U.S.C. § 1421(a)(6).[1]

---

**1.** All functions, powers, and duties of the Federal Aviation Agency and of the Administrator were transferred to the Secretary of Transportation in 1966. *See* 49 U.S.C. § 1655(c)(1). However, all functions, powers, and duties of the Secretary pertaining to aviation safety were then delegated back to the Federal Aviation Administrator. *Id.; see* 49 C.F.R. § 1.47 (1984).

The Administrator has also promulgated specific enforcement regulations for the collection of civil penalties imposed pursuant to 49 U.S.C. § 1471(a)(1):

(a) Under section 901 of the Federal Aviation Act of 1958 (49 U.S.C. 1471), a person who violates any provision of Title III, V, VI, or XII of that Act, or any regulation or order issued under one of those titles, is subject to a civil penalty of not more than $1,000 for each violation.

(b) The Administrator[2] may compromise any civil penalty. If a civil penalty is contemplated and it is considered advisable to compromise it, the [proper enforcement official] concerned sends a letter to the person charged with the violation, advising him of the charges against him and the law, regulation, or order that he is charged with violating, and offering to compromise the penalty.

\*     \*     \*     \*     \*     \*

(e) *If a compromise settlement of the civil penalty cannot be made, the Administrator may instigate proceedings in a United States District Court, under section 903 of the FA Act (49 U.S.C. 1473), to collect the penalty.*

14 C.F.R. § 13.15(a)–(e) (1984) (emphasis added). Section 903(b)(1) of the Federal Aviation Act provides in pertinent part:

Any civil penalty imposed or assessed under this chapter may be collected by proceedings in personam against the person subject to the penalty and, in case the penalty is a lien, by proceedings in rem against the aircraft, or by either method alone. Such proceedings shall conform as nearly as may be to civil suits in admiralty, except that with respect to proceedings involving penalties other than those assessed by the Board, either party may demand trial by jury of any issue of fact, if the value in controversy exceeds $20, and the facts so tried shall

not be reexamined other than in accordance with the rules of the common law. 49 U.S.C. § 1473(b)(1). Furthermore, if any person violates any provision of the Federal Aviation Act, or any rule, regulation, requirement, or order issued thereunder, § 1007(b) of the Act provides that:

Upon the request of the Board or Administrator, any district attorney of the United States to whom the Board or Administrator may apply is authorized to institute in the proper court and to prosecute under the direction of the Attorney General all necessary proceedings for the enforcement of the provisions of this chapter or any rule, regulation, requirement, or order thereunder, or any term, condition, or limitation of any certificate or permit, and for the punishment of all violations thereof, and the costs and expenses of such prosecutions shall be paid out of the appropriations for the expenses of the courts of the United States. 49 U.S.C. § 1487(b).

It is clear that the Government is attempting to impose a civil penalty on Kilpatrick under a regulation issued pursuant to subchapter VI of the Act. It further appears that this complaint is, in effect, a collection proceeding brought by the United States on behalf of the Federal Aviation Administrator for the district court to determine the amount of, and to effect collection of, the civil penalty.[3] *See, e.g., Federal Aviation Administration v. Landy*, 705 F.2d 624, 636 (2d Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983). Pursuant to 49 U.S.C. §§ 1471(a)(1) & (2), 1473(b)(1) and 1487(b), and 14 C.F.R. § 13.15(e), the district court can assert original jurisdiction over this collection proceeding brought by the Government on behalf of the Administrator. Accordingly, the district court's order of dismissal of this case must be reversed and this case remanded for further proceedings.

---

**2.** *Cf.* 49 U.S.C. § 1471(a)(2) (which provides that any civil penalty may be compromised by the Secretary of Transportation). *See supra* note 1.

**3.** Neither the statute nor the regulations condition the initiation of collection proceedings upon the failure to reach a compromised settle-

ment. Specifically, the regulations provide that the Administrator "may" compromise a civil penalty if it is advisable. 14 C.F.R. § 13.15(b) (1984). Thus, an allegation of inability to compromise would not be necessary in order for the district court to assert jurisdiction over a collection proceeding.

The district court, in its order dismissing this case for lack of jurisdiction, improperly construed § 1471(a)(1). Specifically, the court construed that section as requiring all initial proceedings to be brought before either the Secretary of Transportation or the Civil Aeronautics Board for the issuance of an order. Furthermore, the court found that review of any such order could be obtained solely in a federal appeals court pursuant to 49 U.S.C. § 1486(a). However, a careful reading of § 1471(a)(1) indicates that such a procedure is required in only three instances: (1) imposition of a civil penalty for the improper transportation of hazardous material; (2) imposition of a civil penalty for violation of any provision of subchapter IV, which governs air carrier economic regulation; and (3) imposition of a civil penalty for violation of 49 U.S.C. § 1482(i), which relates to the establishment of through service and joint air fares in Alaska, Hawaii, and overseas.

The civil penalty which the Government is attempting to assess against Kilpatrick does not fall into any of the three categories which require an initial assessment by the Secretary of Transportation or the Civil Aeronautics Board. Accordingly, the district court erred in finding that it lacked jurisdiction under 49 U.S.C. § 1486(a).

**Editor's Note:** The opinion of the United States Court of Appeals, Sixth Circuit in *Runyan v. National Cash Register Corp.*, published in the advance sheet at this citation, 759 F.2d 1253–1261, was withdrawn from the bound volume because rehearing en banc was granted and opinion vacated.