**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Martha B. GAUNCE,
Defendant-Appellant.**

No. 84–6307.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1985.

Decided Jan. 7, 1986.

James R. Sullivan, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Martha B. Gaunce, pro se.

Before WALLACE, HUG and HALL, Circuit Judges.

WALLACE, Circuit Judge:

The government brought suit against Gaunce to recover a $1,000 civil penalty under 49 U.S.C. § 1471(a)(1). Finding no genuine dispute of material fact, the district court awarded summary judgment to the government. We have jurisdiction over Gaunce's appeal pursuant to 28 U.S.C. § 1291, and we affirm.

I

Gaunce, who holds a Federal Aviation Administration (FAA) pilot certificate, violated federal aviation regulations in July 1979 while acting as pilot-in-command of a civil aircraft. In 1980, after notice and an informal conference, the FAA issued an "Order of Revocation" directing Gaunce to surrender her commercial pilot certificate. Gaunce appealed to the National Transportation Safety Board (Board), which affirmed the FAA's findings of regulatory violations. Rather than ordering revocation of Gaunce's certificate, however, the Board imposed the lesser sanction of a 150-day suspension. The Board order required Gaunce to surrender her certificate to the FAA for the 150-day period. Gaunce refused to surrender the certificate. In October 1982 Gaunce appealed her 150-day suspension to our court. We affirmed the Board order, observing that her appeal was meritless and that the penalty imposed was "lenient." *Gaunce v. National Transportation Safety Board,*

732 F.2d 163 (9th Cir.1984) (memorandum disposition), *appeal dismissed and cert. denied,* — U.S. —, 105 S.Ct. 498, 83 L.Ed.2d 391 (1984) (*Gaunce*). Meanwhile, on October 14, 1983, the FAA demanded in a letter that Gaunce surrender her certificate or face civil penalties of up to $1,000 per day so long as she refused. Nevertheless, Gaunce still did not surrender her certificate.

Federal Aviation Regulations § 61.19(f) directs that "[t]he holder of any certificate issued under this part that is suspended or revoked shall, upon the Administrator's request, return it to the Administrator." 14 C.F.R. § 61.19(f) (1985). This regulation was issued pursuant to subchapter VI of the Federal Aviation Act, which authorizes regulations to govern airman certificates. 49 U.S.C. § 1421(a)(6). Civil-penalty fines are authorized for violations of regulations issued under subchapter VI. 49 U.S.C. § 1471(a)(1). On April 13, 1984, the government brought this action in federal district court seeking a $1,000 civil penalty from Gaunce and an order that Gaunce surrender her certificate to the FAA. On August 28, 1984, the court entered summary judgment for the government and granted the relief sought.

II

Gaunce raises three arguments on this appeal: that summary judgment denied her the right to a jury trial conferred by 49 U.S.C. § 1473(b)(1), that the district court judge was "arbitrarily" selected to punish her for filing a grievance against another judge, and that the government was required to pursue an administrative assessment of a civil penalty before it could institute this suit against her.

A grant of summary judgment is reviewed de novo. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983) (*Lojek*). We must determine whether, viewing the evidence in the light most favorable to the opposing party, there is any genuine issue of material fact and whether the substantive law was properly applied. *Amaro v.*

*Continental Can Co.*, 724 F.2d 747, 749 (9th Cir.1984); *Lojek*, 716 F.2d at 677.

### A.

■ In a suit to impose a civil penalty under 49 U.S.C. § 1471, "either party may demand trial by jury of any issue of fact, if the value in controversy exceeds $20." 49 U.S.C. § 1473(b)(1). Gaunce contends that by issuing summary judgment against her the district court denied her this statutory right to jury trial. However, Gaunce has alleged no triable issue of fact. Her initial violations, upon which suspension of her certificate was founded, have already been established in proceedings that culminated in our first decision and denial of certiorari by the Supreme Court. *Gaunce*, 732 F.2d 163, *appeal dismissed and cert. denied,* —— U.S. ——, 105 S.Ct. 498, 83 L.Ed.2d 391 (1984). The only factual questions for purposes of the present action against Gaunce are whether the FAA actually demanded that she surrender her certificate and whether she nevertheless failed to surrender it. Gaunce admits that she received the October 14, 1983 letter directing her to turn over the certificate. She does not dispute her noncompliance with this letter. Thus, the facts necessary to establish liability under section 1471 were undisputed, and the district court properly granted summary judgment against Gaunce on the issue of liability. *See United States v. Duffy*, 550 F.2d 533, 534 (9th Cir.1977) (per curiam).

Gaunce appears to argue that she raised a disputed question of fact with respect to whether the penalty requested by the government and imposed by the court was in an appropriate amount. We have held that this is a question of law rather than of fact. *Id.* Because she raised no genuine issue of material fact, Gaunce was not entitled to a jury trial. *Id.*

### B.

■ We conclude that Gaunce is not entitled to argue that a different district judge should have heard her case. She contends that the selection of the district judge was arbitrary and retaliatory. However, Gaunce raised no objection in the district court regarding the selection of the judge to hear her case, and she is barred from raising the issue for the first time on appeal. *See Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir.1984); *United States v. Coleman*, 707 F.2d 374, 376 (9th Cir.), *cert. denied*, 464 U.S. 854, 104 S.Ct. 171, 78 L.Ed.2d 154 (1983).

### C.

■ Finally, Gaunce contends that the government was required by 49 U.S.C. § 1471(a)(1) to pursue an administrative assessment of the civil penalty before it could institute an action against her pursuant to 49 U.S.C. § 1487(b). She contends that the district court thus lacked jurisdiction to hear the case under 28 U.S.C. §§ 1345, 1355 because the FAA had failed to exhaust the required administrative procedures prior to suit.

Section 1471(a)(1) does not require a prior administrative assessment in this case. Such a procedure is mandated by section 1471(a)(1) in only three instances: (1) if the penalty "relates to the transportation of hazardous materials," (2) if the penalty is imposed for "violation of any provision of subchapter IV of this chapter," which relates to economic regulation of air carriers, or (3) if the penalty issues for violations under 49 U.S.C. § 1482(i), which governs establishment of through service and joint fares within the states of Alaska and Hawaii and for overseas flights. 49 U.S.C. § 1471(a)(1); *see United States v. Kilpatrick*, 759 F.2d 1250, 1252–53 (5th Cir.1985) (*Kilpatrick*). Because Gaunce's penalty issued for violation of regulations promulgated under subchapter VI, no administrative assessment was required by section 1471(a)(1). *Kilpatrick*, 759 F.2d at 1252–53.

AFFIRMED.