GOVERNMENT
EXHIBIT

Dalton E. WELLMAN, Sr.,
Plaintiff-Appellant,

v.

INTERNATIONAL UNION OF OPERAT-
ING ENGINEERS; Local 501 of the
International Union of Operating Engi-
neers; Edward Fox; Robert Fox; and
Samuel Ferranti; Defendants-Appel-
lees.

No. 85–2904.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1986.

Decided March 17, 1987.

David M. Schieck, Las Vegas, Nev., for plaintiff-appellant.

Gordon K. Hubel, Los Angeles, Cal., for defendants-appellees.

Before WALLACE, POOLE and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Dalton E. Wellman, Sr. appeals from the district court's grant of summary judgment for the International Union of Operating Engineers (the International), Local 501 of the International Union of Operating Engineers (Local 501), Edward Fox, Robert Fox and Samuel Ferranti. Local 501 removed Wellman from his position on its Executive Board after its membership tried and con-

victed him of fraud and "double-dipping." Claiming denial of a fair hearing, he sued the defendants under section 102 of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 412. The district court granted the defendants summary judgment. We affirm and award them $500 for defending a frivolous appeal.

We review a grant of summary judgment de novo, and will affirm only if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the district court correctly applied the substantive law. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

The LMRDA prohibits a union from disciplining one of its members unless that member is: "(A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). Because federal policy favors allowing a union to govern its own affairs, we review the findings of a union disciplinary hearing with deference, *International Bhd. of Boilermakers v. Hardeman,* 401 U.S. 233, 246, 91 S.Ct. 609, 617, 28 L.Ed.2d 10 (1971), but predicate that deference upon the accused having received a full and fair hearing under the LMRDA, *Myers v. Affiliated Property Craftsmen Local No. 44,* 667 F.2d 817, 821 (9th Cir.1982). While we apply traditional due process concepts, we recognize that a union has a significant interest in controlling internal discipline, and so do not require the union's disciplinary proceeding to incorporate the same protections found in criminal proceedings. *Id.* at 820.

Wellman first claims he was deprived of a fair and impartial hearing because he was tried before a regular membership meeting instead of before a general membership meeting. He argues that this violated the International's constitution and by-laws, but cites no provision of either to support his claim. The union rejected his argument through the internal appeal process.

Even assuming a union fails to follow its own rule, it does not violate the LMRDA unless the violation of its internal rule also contravenes specific prohibitions in the LMRDA. *Hardeman,* 401 U.S. at 242–43, 91 S.Ct. at 615–16; *Curtis v. International Alliance of Theatrical Stage Employees Local No. 125,* 687 F.2d 1024, 1029 (7th Cir.1982). The LMRDA does not allow the recovery of damages for a union's violation of a technical internal rule that does not adversely affect a member's due process rights. *Curtis,* 687 F.2d at 1029–30. Wellman does not argue that the membership meeting was a biased tribunal, but merely contends it was the wrong type of membership meeting. The fact that Wellman was tried at one type of membership meeting instead of another did not deprive him of a fair hearing. His son represented him at the hearing, made arguments, and examined witnesses. The membership heard the testimony, reviewed the documentary evidence, and voted to convict him by a tally of eighty-one to six. Wellman has failed to present any evidence in support of his claim that he was denied a fair and impartial hearing. Reviewing the disciplinary proceeding with deference, the district court properly held there was no genuine issue of fact that Wellman was treated fairly.

Wellman also claims he did not receive reasonable notice of the hearing because the International denied him a stay pending appeal of Local 501's decision that the charges merited a hearing. He argues that in so doing, the International violated its constitution and by-laws. Again, he fails to point to specific provisions that the International may have violated, relying instead on vague allegations. Three separate union appellate bodies considered, and rejected, Wellman's argument that any union rule was violated. Even assuming Wellman is correct that the union violated an internal rule, such a violation is not in itself actionable under the LMRDA. The district court found Wellman had twenty-eight days' notice of the hearing, and thus properly held there was no genuine issue of fact that Wellman received adequate notice. *See Hardeman,* 401 U.S. at 244, 91 S.Ct. at 616 (reasonable notice for union disciplinary hearing is that which would be reasonable notice under the constitution).

Wellman finally claims he was not present at the hearing because he believed a stay would be granted, an argument he failed to make below. As a general rule, one may not urge for the first time on appeal a theory not presented to the district court. *Guillory v. County of Orange,* 731 F.2d 1379, 1383 (9th Cir.1984). Further, there is no evidence to support Wellman's claim. The record shows that his son represented him at the hearing and neither requested a continuance nor suggested that his father wished to be present. Wellman fails to show that his right to a fair hearing was prejudiced or that he was denied notice of the proceeding.

The defendants request attorneys' fees under 28 U.S.C. § 1912 and Fed.R.App.P. 38 for defending a frivolous appeal. We find this appeal "wholly without merit." *Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 656 (9th Cir.1984) (per curiam). Instead of attorneys' fees, however, we order Wellman to pay defendants $500 damages and double costs. Fed.R.App.P. 38. The district court's grant of summary judgment is AFFIRMED.