917 F.2d 28
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Dennis Earl THORNTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-55653.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 2, 1990.*
Decided Oct. 23, 1990.
 Before PREGERSON, REINHARDT and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Earl Thornton was convicted after a two-week jury trial of being a felon in possession of numerous firearms (counts one and two), possessing an unregistered sawed-off rifle with a silencer and an unregistered RPB M-10 submachine gun (count three), and possessing a silencer not identified by serial number (count four). He was sentenced to ten years imprisonment on counts three and four of the indictment and five years on count two, with the sentences to run concurrently. He was also sentenced to two years on count one, to run consecutively to the other sentences. The same district court judge who had presided over Thornton's trial and sentencing denied his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Thornton appeals from the denial of this motion. We affirm.
 
 
 3
 Thornton first argues that the sentencing court erred by relying on an assumption that he would be found guilty of pending state narcotics charges. Because these charges were subsequently dropped, he argues that the sentencing court relied on materially false or unreliable information in violation of his due process rights. See United States v. Tucker, 404 U.S. 443, 447 (1972). In rejecting Thornton's Sec. 2255 motion, however, the lower court expressly found that "despite the defendant's allegations to the contrary, this Court did not take the possible outcome of the state narcotics charge into account in sentencing the defendant for federal weapons violations." United States v. Thornton, No. CV 89-0116 (C.D.Ca. Mar. 23, 1989) (citing Transcript of Sentencing Hearing, Apr. 24, 1987, at 1531-32). In ruling on a Sec. 2255 motion, "judges may use their own notes and recollections of the plea hearing and sentencing process to supplement the record." Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 110 S.Ct. 195 (1989). Therefore, it was appropriate for Judge Keller to resolve this issue without holding an evidentiary hearing. His finding that he did not rely on an assumption that Thornton would be convicted in state court is not clearly erroneous.[1]
 
 
 4
 Thornton next argues that the sentencing court's reliance on unsubstantiated evidence of his narcotics activities constituted reliance on materally false or unreliable information, in violation of his due process rights. See Tucker, 404 U.S. at 447. The evidence was contained in the trial record and was not, in the trial court's view, false or unreliable. We have no reason to disagree with that assessment. Moreover, Judge Keller specifically asked defense counsel whether he was entitled to consider Thornton's involvement with narcotics when imposing sentence. Defense counsel responded, "I don't disagree that you clearly are entitled to consider it, your Honor." While Thornton's own statement at the sentencing hearing[2] may have concerned the reliability of the narcotics evidence, it was not sufficient to overcome it.
 
 
 5
 Thornton argues on appeal that the sentencing court should have permitted him to call witnesses who would rebut allegations of his involvement in narcotics activity. Because he did not raise this issue below, it is not properly before us. See Moran v. Aetna Life Ins. Co., 872 F.2d 296, 300 (9th Cir.1989); Guillory v. County of Orange, 731 F.2d 1379, 1383 (9th Cir.1984). We therefore decline to reach it.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that defense counsel specifically urged Judge Keller to consider the pending state charges as a reason to sentence Thornton to a lesser term. Therefore, even if the sentencing court did rely on an assumption regarding the possible outcome of the state charges, this would not constitute reversible error
 
 
 [2]
 "They say I am a drug dealer, yet they never say I sold anything to who. And they worked Long Beach 18 years, and they never seen me at any drug location. Who do I sell it to?" E.R. at 36