CITIZEN'S ASSOCIATION OF PORT-
LAND, an Oregon corporation; Joan
Giesler; E.L. Horswill, Plaintiffs–Ap-
pellants,

v.

INTERNATIONAL RACEWAYS, INC., a
Washington corporation; Champion-
ship Auto Racing Teams, Inc., a Michi-
gan corporation, dba Portland Interna-
tional Raceway; Portland Rose Festival
Association, an Oregon nonprofit cor-
poration; G.I. Joe's Inc., an Oregon
corporation, Defendants–Appellees.

Nos. 86–3844, 86–4329 and 86–4370.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1987.

Memorandum Filed Sept. 3, 1987.

Order and Opinion Filed Dec. 1, 1987.

Michael B. Mendelson, Portland, Or., for plaintiffs-appellants.

Harry Auerbach and Jay Waldron, Portland, Or., for defendants-appellees.

Before ANDERSON, FARRIS and BRUNETTI, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Citizen's Association of Portland ("CAP") is a not-for-profit corporation with members which include Joan Giesler, E.L. Horswill, and others who own residential property in the northern area of Portland, Oregon (the "City"). They brought this suit against the City of Portland and the additional parties acting in conjunction with it in operating Portland International Raceways ("PIR"), an automobile racetrack in Portland. PIR is owned by the City and operated as a joint venture with the other named defendants. CAP alleged the noise generated from the automobile racing at PIR was so great that it deprived them of their right to property under the fifth and fourteenth amendments, their right to be free from noise, and their right to privacy under the ninth amendment, as well as their right to equal protection, and substantive and procedural due process of law. These constitutional claims were brought under 42 U.S.C. § 1983. Pendent state law claims based on nuisance and inverse condemnation were also alleged.

CAP claimed the City refused to enforce a noise ordinance which would have prohibited the racing at PIR. The alleged reason for unenforcement was that the City owned PIR, and along with the other defendants, received revenue from it. After suit was filed, the City granted a variance for PIR from the municipal noise ordinance.

The district court dismissed the § 1983 action for failure to state a claim. The pendent state law claims were then dismissed for lack of subject matter jurisdiction. Plaintiffs and a member of the defendants then moved for an award of attorneys' fees under 42 U.S.C. § 1988, each claiming they were the prevailing party. These motions were denied.

CAP appeals dismissal of the main action and all parties (except the City and G.I. Joe's, Inc.,) appeal the denial of their respective motions for attorneys' fees.

We review *de novo* a district court's dismissal of an action for failure to state a claim. *Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984). In conducting this review, we assume the correctness of the plaintiffs' factual allegations. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam); *Guillory*, 731 F.2d at 1382.

In order to sustain an action under 42 U.S.C. § 1983, the claimant must show: (1) that the conduct complained of was committed under color of state law, and (2) this conduct deprived the claimant of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Even if it were assumed all of the defendants acted under color of state law, the plaintiffs have failed to show deprivation of a constitutional right.

A § 1983 action is not a substitute forum for the City's administration of the noise ordinance. So long as the City's decision was not arbitrary and capricious, the guarantee of due process has been met. *Pruneyard Shopping Center v. Robins*, 447 U.S. 74, 84–85, 100 S.Ct. 2035, 2042–43, 64 L.Ed.2d 741 (1980). Additionally, the administration of a noise ordinance is presumed to be reasonable under the local police power. *Id.; Kovacs v. Cooper*, 336 U.S. 77, 83, 69 S.Ct. 448, 451, 93 L.Ed. 513 (1949). We will uphold the City's judgment if the ordinance substantially advances a legitimate governmental interest. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1280 (9th Cir.1986) (citing *Agins v. City of*

*Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980)).

■ The variance adopted here helps facilitate auto racing in the City. This not only generates revenue for the City itself, but also for businesses in the area. The variance serves to promote the recreational activity of racing as well. Given these considerations and the City's investment in PIR, we cannot find the variance deprived the plaintiffs of due process of law.

As for the procedure used in adopting the variance, it is clear that when an individual is deprived of a property right, the government must afford an opportunity for the individual to be heard either before or after the deprivation occurs, *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982), depending upon the nature of the case.

■ CAP was represented at the variance hearing. If CAP wished to take issue with the variance decision, it should have done so by writ of review in the state courts. ORS § 34.040. Moreover, CAP did not show that it utilized the eminent domain procedures established by state law. ORS §§ 35.205 *et seq.* A § 1983 action will not lie where there is a failure to exhaust such procedures. *Williamson County Regional Planning v. Hamilton Bank,* 473 U.S. 172, 194 n. 13, 105 S.Ct. 3108, 3121 n. 13, 87 L.Ed.2d 126 (1985). Since CAP was afforded a fair opportunity to present their side, we cannot see any procedural due process violation.

■ Whether an unconstitutional taking of property without compensation has occurred depends upon whether the owner has been deprived of economically viable use of the property. *Hodel v. Virginia Surface Mining & Reclamation Association,* 452 U.S. 264, 295–96, 101 S.Ct. 2352, 2370, 69 L.Ed.2d 1 (1981). Mere reduction of property value is insufficient to establish a taking. *Trustees for Alaska v. E.P.A.,* 749 F.2d 549, 560 (9th Cir.1984). The recent Supreme Court decisions in *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* — U.S. ——, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), and *Nollan v. California Coastal Commission,* — U.S. ——, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), are not to the contrary. Both of those cases involved land use regulations so extensive they constituted a taking.

■ On the facts alleged in CAP's complaint, no taking has occurred. Racing at PIR is periodical. Almost no racing occurs for six months out of each year. Also, any diminution in value of private property which may occur because of PIR is rationally related to the governmental interest in the raceway.

■ CAP's remaining allegations of constitutional violations are similarly specious. Ordinances which benefit some property owners and burden others do not by this fact alone violate the equal protection clause. Where, as here, the ordinance promotes a legitimate governmental interest and is rationally related to that interest, any burden some property owners must bear is better left to be resolved by the democratic process. *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3255, 87 L.Ed.2d 313 (1985). A right to be free from noise as included in the right to privacy has not been recognized by the Supreme Court. We will not create such a right under the facts of this case.

■ Finally, both sides claim they are entitled to attorneys' fees under 42 U.S.C. § 1988 as prevailing parties. Plaintiffs are not a prevailing party. They obtained no favorable judicial relief. CAP's suggestion that the City's action in limiting noise levels for future racing is insufficient. There must be a dispute *"which affects the behavior of the defendant towards the plaintiff."* *Hewitt v. Helms,* — U.S. ——, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987) (emphasis in original). Prior to the CAP suit, the City was studying the noise level at PIR and was taking measures to reduce the noise level in light of previous complaints. The district court found this action by the City showed good cause for the limitation on future noise levels and that no reasonable relationship between the

suit and the City's subsequent conduct had been shown. *See Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983). We will not disturb this finding.

■ Similarly, we see no reason why the defendants should be granted fees. While CAP was unsuccessful, its action was not so tenuous that it can be described as frivolous. A taking argument was legitimately made, albeit prematurely. Moreover, there is no strong policy advanced by awarding defendants in civil rights actions fees as is the case with plaintiffs. *Jensen v. City of San Jose,* 806 F.2d 899, 901 (9th Cir.1986).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.