Gary A. MOORE, Plaintiff–Appellant,

v.

CITY OF COSTA MESA, et al.,
Defendants–Appellees.

No. 87–6432.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 3, 1988.

Submitted Aug. 26, 1988.

Decided Sept. 26, 1989.

Terry M. Moshenko, Newport Beach, Cal., for plaintiff-appellant.

Richard Booth and Larry T. Pleiss, Madory, Booth, Zell and Pleiss, Tustin, Cal., for defendants-appellees.

Before HALL and LEAVY, Circuit Judges, and GEORGE *, District Judge.

LEAVY, Circuit Judge:

## OVERVIEW

The appellant Gary Moore (Moore) claims that a conditional variance requiring part of his property to be deeded to the City of Costa Mesa (the City) was a partial temporary taking in violation of the fifth amendment, for which he is owed compensation. The conditional variance ultimately was declared invalid by the California courts.

We affirm the decision of the district court that the conditional variance was not a violation of the takings clause for which compensation is owed.

## FACTS

Moore owns two adjacent lots, each containing a house, on Wilson Street in Costa Mesa. Moore lives in one of the houses and runs his carpet installation business out of the other. In 1983, Moore requested a zoning variance from the City so he could construct a large commercial building on the two lots.

The City's master plan called for a proposed widening of Wilson Street. The City granted Moore the zoning variance, but with the condition that he deed to the City that part of his land needed for the proposed widening project. The condition was part of a City policy [1] for proposed developments that would increase traffic on a street slated for widening. Approximately ten percent of Moore's entire parcel was needed for the proposed widening.

Moore unsuccessfully appealed the conditional variance to the Costa Mesa Planning Commission and to the City Council. He filed a petition for a writ of mandamus and a complaint for declaratory relief and damages against the City in Orange County Superior Court. Moore requested: (1) the condition be set aside, (2) a declaration that the condition was unconstitutional, (3) damages for inverse condemnation, and (4) general damages and attorney's fees. The court granted Moore mandamus and declaratory relief, finding the evidence insufficient to support any relationship between the proposed widening project and the expansion of Moore's business premises. The court issued a peremptory writ forbidding the City to impose the condition. However, the Superior Court specifically found that the City's policy was not unconstitutional on its face. The Court of Appeals affirmed the decision and the California Supreme Court denied review.

In 1987, Moore sued in federal court under 42 U.S.C. § 1983, alleging his rights were violated under the takings clause of the fifth amendment and the equal protection clause of the fourteenth amendment, as well as his substantive and due process rights under the fourteenth amendment. Moore claimed the three year delay from 1983 to 1986 in obtaining a building permit was an unconstitutional temporary taking of his property, thereby entitling him to damages and attorney's fees and costs. The City moved to dismiss the complaint for failure to state a claim upon which

* The Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

1. Costa Mesa Municipal Code, Article 22, Section 13–316, Street Dedications.

relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

The district court dismissed Moore's complaint with prejudice. The court *sua sponte* applied res judicata to Moore's claims, finding that he had presented a claim for money damages to the state court, and that the state court had rendered judgment adversely to Moore on that issue. Alternatively, the district court found that Moore had failed to state a claim for a taking without compensation in violation of the fifth amendment. A motion for reconsideration was denied, and Moore appealed. On appeal, Moore argues only the takings claim.[2]

## DISCUSSION

### Standard of Review

█ A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir.1984). Review is limited to the contents of the complaint. *Id.* A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986).

█ Motions to dismiss for failure to state a claim must be viewed with particular skepticism in cases involving claims of inverse condemnation. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1478 (9th Cir.1989) (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270,

1274 (9th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 1120, 99 L.Ed.2d 281 (1988)).

### Whether Moore's Complaint States a Claim For Compensation

[3] The fifth amendment guarantees that private property shall not "be taken for public use without just compensation." *Agins v. Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). It is established doctrine that " 'while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking.' " *First Evangelical Lutheran Church v. Los Angeles County*, 482 U.S. 304, 316, 107 S.Ct. 2378, 2386, 96 L.Ed.2d 250 (1987) (quoting *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415, 43 S.Ct. 158, 160, 67 L.Ed. 322 (1922)). A taking may be found without any physical invasion where " 'a public entity acting in furtherance of a public project directly and substantially interferes with property rights and thereby significantly impairs the value of property....' " *Martino v. Santa Clara Water Dist.*, 703 F.2d 1141, 1147 (9th Cir.), *cert. denied*, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983) (quoting *Richmond Elks' Hall Ass'n v. Richmond Redevelopment Agency*, 561 F.2d 1327, 1330 (9th Cir.1977)). The application of a general zoning law to particular property effects a taking if the ordinance does not substantially advance legitimate state interests, or denies an owner the economically viable use of his land. *Agins*, 447 U.S. at 260, 100 S.Ct. at 2141 (citations omitted).

The governmental action that results in a taking of property necessarily implicates the " 'constitutional obligation to pay just compensation.' " *First Evangelical*, 482 U.S. at 315, 107 S.Ct. at 2386 (quoting *Armstrong v. United States*, 364 U.S. 40, 49, 80 S.Ct. 1563, 1569, 4 L.Ed.2d 1554 (1960)). The Supreme Court recently has held that compensation must be paid for

---

**2.** The Superior Court of California did not decide whether Moore was entitled to compensation for the alleged temporary taking. Instead, after the court ordered the writ, found that the Code section was not unconstitutional, and awarded attorney's fees and costs, it stated "[a]ll other issues reserved for trial."

On appeal, the City conceded at oral argument that res judicata does not apply to the facts of this case. Therefore, we need not address the district court's application of this doctrine.

the temporary regulatory taking of all of a person's property, until the time the regulation is invalidated by the courts. *First Evangelical*, 482 U.S. at 321, 107 S.Ct. at 2383, 2389.

■■■ However, not all regulatory invasions of property rights amount to unconstitutional takings. *See Martino*, 703 F.2d at 1146 (distinguishing regulations that invade property rights from unconstitutional takings). A regulation that adversely affects property values does not constitute a taking unless it destroys a major portion of the property's value. *See Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 496, 498, 107 S.Ct. 1232, 1248, 1249, 94 L.Ed.2d 472 (1987) (requirement that 27 million tons of coal not be mined is not a taking when this amount represents only 2% of owners' coal), *Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 296–97, 101 S.Ct. 2352, 2370–71, 69 L.Ed.2d 1 (1981) (mere enactment of regulatory statute not a taking because it does not categorically deny surface mining and does not regulate alternative uses to which the lands may be put), *see also Agins*, 447 U.S. at 260, 100 S.Ct. at 2141 (1980) (whether there is an unconstitutional taking depends on whether ordinance does not substantially advance legitimate state interests, or denies an owner the economically viable use of his land), *Citizens Ass'n of Portland v. International Raceways, Inc.*, 833 F.2d 760, 762 (1987) (whether there is an unconstitutional taking depends on whether the owner has been deprived of his property's economically viable use). Further, "[m]ere fluctuations in value during the process of governmental decision-making, absent extraordinary delay, are 'incidents of ownership. They cannot be considered as a "taking" in the constitutional sense.' " *Agins*, 447 U.S. at 263 n. 9, 100 S.Ct. at 2143 n. 9 (quoting *Danforth v. United States*, 308 U.S. 271, 285, 60 S.Ct. 231, 236, 84 L.Ed. 240 (1939)), *accord First Evangelical*, 107 S.Ct. at 2388. Finally, loss of anticipated gains or future profits is not usually sufficient to constitute a taking. *Andrus v. Allard*, 444 U.S. 51, 66, 100 S.Ct. 318, 327, 62 L.Ed.2d 210 (1979).

■■ In his complaint, Moore alleges he suffered damages during the time the conditional variance was imposed, because "the costs of development and construction of the improvements contemplated ... has increased substantially in value and Moore has suffered additional losses due to lack of ability to use the Subject Property during said period." Complaint at 5, para. 16. Moore claims damages in excess of $25,000. It is significant that there are no allegations that all Moore's property was taken, or that he was denied all or substantially all of its economically viable use, or that there was an unreasonable delay in the decision-making process.

Despite Moore's citations to the recent Supreme Court and Ninth Circuit decisions in *First Evangelical* and *Martino*, these cases do not support Moore's claim that his inability to develop his property constituted an unconstitutional regulatory taking for which compensation must be paid. In *First Evangelical*, an interim ordinance prohibited the construction or reconstruction of buildings for the church's retreat center, which had been destroyed by a flood. 482 U.S. at 307, 107 S.Ct. at 2381–82. The complaint alleged that the interim ordinance "denies all use of [the property]." 482 U.S. at 308, 107 S.Ct. at 2384. The Court decided that compensation must be paid for the time the interim ordinance was in effect because it denied *all* use of property. 482 U.S. at 321, 107 S.Ct. at 2389. The Court explicitly did not extend its holding to cases like Moore's: "We limit our holding to the facts presented, and of course do not deal with the quite different questions that would arise in the case of normal delays in obtaining building permits, changes in zoning ordinances, variances, and the like which are not before us." *Id.*

Like *First Evangelical*, this circuit's decision in *Martino* also involved allegations that the landowners had been deprived of all of their property's reasonable economic uses, by ordinances requiring permits and dedications for a flood control project before any development could occur. The complaint alleged that the Martinos' property "has been deprived of all of its reasonable beneficial economic uses and its economic return and marketability...." 703 F.2d at 1144. We reversed the district

court's grant of summary judgment to the Santa Clara Valley Water District, finding that the complaint alleged facts which, if true, could constitute a taking. *Id.* at 1142.

Unlike the regulations in *First Evangelical* and *Martino,* the conditional variance at issue here affected only a small portion of Moore's property. Moore does not allege that his ongoing carpet contracting business was in any way adversely affected by the conditional variance. Thus, he does not allege he was deprived of substantially all reasonable use of his property. While the California courts determined that the conditional variance invaded Moore's property rights, this was not an "invasion" of sufficient magnitude to have denied Moore the "justice and fairness" guaranteed by the fifth and fourteenth amendments. *See Martino,* 703 F.2d at 1146.

The Supreme Court's decision in *Nollan v. California Coastal Comm'n,* 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), also does not support Moore's position. As Moore concedes, in *Nollan* the Court did not decide whether damages could be recovered for the time a conditional coastal development permit was in effect. The Court merely declared invalid the conditional permit, which required a public easement across a beach before a new house could be constructed. 107 S.Ct. at 3148–50.

Consequently, even taking all Moore's allegations as true, construing them in the light most favorable to him, and viewing the dismissal with skepticism, it appears beyond doubt that Moore can prove no set of facts in support of his claim which would entitle him to relief. His allegations are insufficient to state a claim for unconstitutional regulatory taking for which compensation is due, and there is no case law that supports his position. The district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim was proper.

AFFIRMED.