2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank TOZZOLINA, Jr., Plaintiff-Appellant,
v.
COUNTY OF ORANGE, et al., Defendants-Appellees.
 No. 91-56370.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided July 8, 1993.
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff, Frank Tozzolina, Jr., ("Tozzolina") appeals the district court's denial of his motion for summary judgment, the dismissal of defendant Morrison, and the grant of the remaining defendants' Motions for Summary Judgment. WE AFFIRM.
 
 
 4
 * We review a district court's decision to dismiss a claim pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir.1989), cert. denied, 496 U.S. 906 (1990).
 
 
 5
 We review the district court's decision to dismiss without leave to amend for abuse of discretion. Balistreri v. Pacifica Police Department, 901 F.2d 696, 701 (9th Cir.1990); Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 n. 6 (9th cir. 1986), cert. denied, 485 U.S. 940 (1986). "A [claim] should not be dismissed 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957)." Moore, 886 F.2d at 262. In Scott v. Eversole Mortuary, 522 F.2d 1110, 1116 (9th Cir.1975) we reversed a district court's refusal to grant leave to amend a complaint because we could "conceive of facts" which plaintiff could plead which would state a cause of action. Because we hold in part III, supra, that the district court correctly found probable cause as a matter of law and granted defendants' motions for summary judgment, we can not "conceive of facts" which plaintiff could plead to state a cause of action.
 
 
 6
 The district court properly dismissed the claim against Morrison and did not abuse its discretion in not allowing plaintiff to amend his complaint.
 
 II
 
 7
 We review de novo a district court's determination of whether or not collateral estoppel is available. Bates v. Union Oil of California, 944 F.2d 647, 649 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1761 (1992). Tozzolina moved prior to trial for partial summary judgment. He argued that the defendants should be collaterally estopped from relitigating the probable cause issue because the trial judge in the state court criminal proceeding ruled that Tozzolina was "factual[ly] innocent" of the charges pursuant to Cal.Penal Code Sec. 851.8(b).
 
 
 8
 The doctrine of collateral estoppel (issue preclusion) in federal courts is controlled by state substantive law. Takahashi v. Board of Trustees, 783 F.2d 848, 850 (9th Cir.1986), cert. denied, 476 U.S. 1182 (1986). In California, the courts apply a three-step analysis to decide whether or not collateral estoppel is applicable to an issue. First, a final judgment on the merits must be entered. Second, the two issues--the one in the prior adjudication and the one in the action in question--must be identical. And, third, there must be privity. Bernhard v. Bank of America, 19 Cal.2d 807, 813, 122 P.2d 892, 895 (1942).
 
 
 9
 Tozzolina's motion fails on the second step. The state court's decision on factual innocence was based upon Cal.Penal Code Sec. 851.8(b) which provides in part that "[a] finding of factual innocence ... shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." The test for "probable cause" has been stated to be "whether at that moment [when the arrest was made] the facts and circumstances within their [the arresting officers] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, (1964).
 
 
 10
 The issues are not identical. The determination that no "reasonable cause exists to believe the arrestee committed the offense" occurs after acquittal and after a hearing before the trial judge. Cal.Penal Code Secs. 851.8(b) and (e). By definition, the trial judge has more information than did the arresting officers and has had that information subjected to the adversary process. In contrast, the determination of probable cause is made prior to a determination of guilty or not guilty of the underlying offense and is based upon the information that the officers have at that time. Therefore, because the two findings are decided based upon different information, the issues are not identical and thus the plaintiff is not entitled to the preclusive benefit of the state court finding.
 
 III
 
 11
 We review de novo a grant of summary judgment. Hale v. State of Arizona, 967 F.2d 1356, 1360 (9th Cir.1992); Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 12
 Here, on the issue of probable cause, there is no dispute as to the facts that the officers knew before they arrested Tozzolina. The dispute is about the effect of those undisputed facts. Before the arrest of the plaintiff, the officers had the statements of four young girls who identified Tozzolina as someone who had molested them and two of the young girls' stories were corroborated by other witnesses. This undisputed evidence, standing alone, is sufficient as a matter of law to "warrant a prudent man in believing" that a crime had been committed. Beck, 379 U.S. at 91.
 
 
 13
 Because we find that there was probable cause to arrest Tozzolina, the dismissal of defendant Morrison and the grant of summary judgment in favor of the remaining defendants, was proper.
 
 
 14
 AFFIRMED.
 
 NOONAN and LEAVY, Circuit Judges, concurring:
 
 15
 Tozzolina's complaint contains a claim against MacEachern, the prosecutor responsible for the trial, for damage caused by statements she made to the press in the course of the proceedings. According to the complaint, MacEachern told several local newspapers that there was independent corroboration of the victims' claims and that the witnesses were credible. In light of the outcome of the prosecution, the validity of these statements is highly doubtful.
 
 
 16
 The Supreme Court has recently agreed with earlier established Ninth Circuit authority that a prosecutor enjoys only qualified immunity when making statements to the press. Buckley v. Fitzsimmons, No. 91-7849 (S.Ct. June 24, 1993); Gobel v. Maricopa County, 867 F.2d 1201, 1205 (9th Cir.1989). Defamation alone, however, is not a constitutional violation redressable under Sec. 1983. Paul v. Davis, 424 U.S. 693, 712 (1976). Tozzolina has alleged that MacEachern made the statements to the press in an effort to gain an advantage, making a fair trial difficult. Fortunately the jury was able to see through to the truth and acquitted Tozzolina. Indeed he has admitted that he received a fair trial. He has not alleged a "reputation-plus" injury which is required by Paul for a Sec. 1983 cause of action.
 
 
 17
 The fact that MacEachern escapes liability for her actions, however, does not excuse them. See Model Rules of actions, however, does not excuse them. See Model Rules of Professional Conduct 3.6(b)(1), (b)(6) (1992). Her statements to the press are especially troublesome in this case due to the extremely sensitive nature of the charges. As judges, we are required to report unethical conduct to the appropriate authority. Model Code of Judicial Conduct Canon 3D(2) (1990). MacEachern's conduct is hereby referred to the State Bar of California for review. We hope that prosecutors will in the future refrain from commenting upon and defending the viability of their cases before they proceed to trial.
 
 
 
 *
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3