92 F.3d 1191
 1996-1 Trade Cases P 71,365, Util. L. Rep. P 14,099
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CITY OF VERNON, Plaintiff-Appellant,
v.
SOUTHERN CALIFORNIA GAS COMPANY, Defendant-Appellee.
 No. 94-56174.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1996.
Decided March 27, 1996.
 
 Before: BEEZER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 The judgment of the district court is AFFIRMED on the basis of the attached order of August 4, 1994 of the district court.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF CALIFORNIA
 
 3
 City of Vernon, Plaintiff,
 
 
 4
 v.
 
 
 5
 Southern California Gas Company, Defendant.
 
 No. CV 92-3435-SVW (CTx)
 Filed Aug. 4, 1994
 
 6
 ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FEDERAL CLAIM
 
 
 7
 AND DISMISSING REMAINING CLAIM FOR LACK OF JURISDICTION
 
 
 8
 WILSON, District Judge.
 
 
 9
 The Court hereby dismisses Plaintiff's federal antitrust claim with prejudice under the "state action" doctrine. The Court declines to dismiss Plaintiff's claims under the other bases for dismissal urged by Defendant. The Court dismisses Plaintiff's remaining state law claim without prejudice for lack of jurisdiction.
 
 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 
 10
 This action arises out of attempts by the industrial City of Vernon ("Vernon") to lower the cost of natural gas to its industrial and commercial residents. To achieve that goal, Vernon established a municipal utility and sought to obtain natural gas for its customers. Southern California Gas Company ("SoCal") refused to provide gas to Vernon at a wholesale rate and instead charged Vernon a retail rate, which prevented Vernon's residents from realizing the anticipated cost reductions.
 
 
 11
 Vernon commenced this action on June 5, 1992, stating two claims arising from SoCal's refusal to provide Vernon with a "nondiscriminatory wholesale transmission service rate:" (1) violation of Section 2 of the Sherman Act (monopolization); and (2) violation of California Business & Profession Code Sections 17200 et seq. (unfair competition). On July 22, 1992, this Court approved a stipulated stay of this action, and placed this action on the Court's inactive calendar pending the California Public Utilities Commission's (CPUC) resolution of the discriminatory rate issue. On May 7, 1993, the CPUC denied Vernon's request for a wholesale rate from SoCal, and on April 13, 1994, the California Supreme Court denied Vernon's petition for a writ of review of the CPUC's order. SoCal filed this motion to dismiss on June 6, 1994.
 
 
 12
 MOTIONS TO DISMISS AND REQUESTS FOR JUDICIAL NOTICE
 
 
 13
 A court may dismiss an action under Federal Rule of Civil Procedure 12(b)(6) if, taking the allegations of the complaint as true, it appears beyond doubt that the plaintiff cannot prove facts to support the claim and entitle it to relief. Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir.1989), cert. denied, 496 U.S. 906 (1990). Both parties request that, in addition to considering the complaint, the Court take judicial notice of the CPUC's orders and other papers filed by the parties in the course of the CPUC proceedings. Neither party objects to the other's request, and the matters presented are appropriate for judicial notice. Mack v. South Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir.1986). Therefore, in adjudicating SoCal's motion, the Court considers the judicially noticed documents in conjunction with the complaint.
 
 DISCUSSION
 
 14
 I. VERNON'S FEDERAL ANTITRUST CLAIM AND THE STATE ACTION DOCTRINE.
 
 
 15
 SoCal argues that it is immune from federal antitrust liability under the state action or Parker v. Brown doctrine, which immunizes a private party from federal antitrust liability if its conduct was pursuant to a state regulatory program. Federal Trade Commission v. Ticor Title Insurance Co., 112 S.Ct. 2169, 2176 (1992). To qualify for the immunity, a private party must meet a two-prong test: "(1) the challenged restraint [must] be clearly articulated and affirmatively expressed as state policy; and (2) the state [must] actively supervise any anticompetitive conduct." DFW Metro Line Services v. Southwestern Bell Tele. Corp., 988 F.2d 601, 605 (5th Cir.1993), cert. denied, 114 S.Ct 183 (1993). SoCal contends that because the CPUC approved its rate, the state action doctrine bars Vernon's federal antitrust claim against SoCal.
 
 
 16
 A. Clearly Articulated State Policy. To satisfy this prong of the state action test, SoCal must demonstrate that California intended to displace competition with active state supervision. Ticor, 112 S.Ct. at 2176. "Actual state involvement, not deference to private price fixing arrangements under general auspices of state law, is the precondition for immunity from federal law." Id.
 
 
 17
 The California Legislature, in numerous provisions of the California Public Utilities Code, has clearly articulated and affirmatively expressed a policy of replacing competition with regulation. Utilities must apply to the CPUC for initial approval of rates and cannot raise rates without CPUC approval. Cal.Pub.Util.Code § 454-55 (West 1994 Supp.). Furthermore, the legislature has empowered the CPUC to fix rates for public utilities when necessary. Cal.Pub.Util.Code § 728 (West 1975). As another court in this district opined in considering California's regulation of utilities: "Taken as a whole, the Public Utility Code clearly articulates the state's policy of displacing competition in favor of a highly regulated system of ratesetting...." Transphase Sys. v. So. Cal. Edison Co., 839 F.Supp. 711, 715 (C.D.Cal.1993) (Kenyon, J.) (motion to dismiss monopolization claim granted under state action doctrine).
 
 
 18
 B. Active Supervision by California. To satisfy this prong, the CPUC must "be vested with the power to review particular anti-competitive conduct and to disapprove those actions that do not comply with state policy." DFW Metro Line, 988 F.2d at 606. The purpose of this inquiry is to determine whether "the State has exercised sufficient independent judgment and control so that the details of the rates or prices have been established as a product of deliberate state intervention, not simply by agreement among private parties." Ticor, 112 S.Ct at 2177.
 
 
 19
 Vernon's complaint implicates SoCal's refusal to offer Vernon a wholesale rate as the alleged anticompetitive conduct. Complaint at pp 22-23. Therefore, this Court must determine if California actively supervises SoCal's rate-setting. See DFW Metro Line, 988 F.2d at 605 ("Despite [plaintiff's] protestations, the conduct which it challenges is the application of the established rates."). The California Legislature has empowered the CPUC to actively supervise public utility rate-setting. In addition to approving and fixing rates, the CPUC may investigate a utility's rate schedule. Cal.Pub.Util.Code §§ 454-55, 729 (West 1994 Supp.). The Public Utility Code prevents utilities from charging or collecting a rate different from the one filed with the CPUC. Cal.Pub.Util.Code § 532 (West 1975); Kings Alarm Sys., Inc. v. PT & T Co., 81 Cal.P.U.C. 283 (1977). Finally, the CPUC has broad powers to enforce its orders and to ensure that utilities charge the rates filed with the CPUC. Cal.Pub.Util.Code §§ 2100-15 (West 1975).
 
 
 20
 SoCal's rates to Vernon were the subject of extensive proceedings before the CPUC. The CPUC issued two orders on the issue, which contain a lengthy consideration of the parties' positions, findings of fact and conclusions of law, and a detailed explanation of the CPUC's reasons for denying Vernon's requested wholesale rate. Additionally, the CPUC's orders indicate that it considered the competitive effects of its decision. See Order Denying Rehearing and Modifying Decision at 11-12 (Exhibit C to Defendant's Request for Judicial Notice; Exhibit 3 to Vernon's Opposition). Ultimately, the CPUC concluded that it would be unfair for Vernon to receive a wholesale rate if it was not willing or able to deliver gas to all customers in Vernon. In light of the CPUC's broad regulatory powers over rate-setting, its regulation of the specific conduct implicated in this case, and its consideration of the competitive effect of its decision, the Court finds that California, through the CPUC, actively supervised SoCal's rate-setting.
 
 
 21
 Vernon argues that the CPUC's decision is incorrect and that the California Legislature intended to protect municipal utilities from SoCal's allegedly discriminatory conduct. First, Vernon's arguments about the propriety of the CPUC's decision are inappropriate. The only court with jurisdiction to review CPUC decisions is the California Supreme Court. Cal.Pub.Util.Code § 1759 (West 1975); Schell v. So. Cal. Edison, 204 Cal.App.3d 1039, 1046-47 (1988). Therefore, this Court must disregard any attempt by Vernon to litigate the validity or propriety of the CPUC's decision. Second, Vernon's contentions regarding its right to form a municipal utility in competition with SoCal similarly are misguided. Vernon argues that because the California Legislature allows municipalities to form their own competitive utilities, the legislature did not intend to replace competition with regulation. However, the legislature did not divest CPUC of its authority and duty to determine fair and reasonable rates for services provided to municipalities by public utilities. If CPUC did overstep its authority in approving SoCal's rates to Vernon, it is within the sole province of the California Supreme Court to reverse or modify the CPUC's decision. This Court is powerless to review the CPUC's decision.
 
 
 22
 The complaint and judicially noticed documents indicate that SoCal is entitled to the state action immunity from federal antitrust liability. Therefore, Vernon's federal claim is hereby DISMISSED WITH PREJUDICE.
 
 
 23
 II. REMAINING STATE LAW CLAIM.
 
 
 24
 Vernon's only remaining claim is a California unfair competition claim. Because this Court has dismissed Vernon's federal antitrust claim, it has discretion to dismiss the remaining state claim. Schneider v. TRW, Inc., 938 F.2d 986 (9th Cir.1991). Although this action was filed in 1992, it is still in the earliest pleading stages in this Court, and the parties will not be prejudiced by a dismissal. Therefore, this Court DISMISSES the remaining state claim WITHOUT PREJUDICE for lack of subject matter jurisdiction.
 
 CONCLUSION
 
 25
 The Court hereby dismisses Vernon's federal antitrust claim with prejudice, and dismisses Vernon's state unfair competition claim without prejudice.
 
 
 26
 IT IS SO ORDERED.
 
 
 27
 DATED: August 3, 1994.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3