**Raymond ABELS, on behalf of himself and all others similarly situated Plaintiffs,**

v.

**JBC LEGAL GROUP, P.C., a Corporation; Jack Boyajian, an Individual; and Outsource Recovery Management, a Corporation Defendants.**

No. C 04–02345JW.

United States District Court,
N.D. California.
San Jose Division.

June 12, 2006.

Ronald Wilcox, San Jose, CA, O. Randdph Bragg, Horwitz, Horwitz & Associates Ltd., Chicago IL, for Plaintiff.

June Koper, Sacramento, CA, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS CLAIMS FROM THE SECOND AMENDED COMPLAINT

WARE, District Judge.

## I. INTRODUCTION

Raymond Abels ("Abels"), on behalf of himself and all others similarly situated ("Plaintiffs"), brought an action against JBC Legal Group, Jack Boyajian, and Outsource Recovery Management ("ORM"), (collectively, "Defendants"), alleging that Defendants' attempts to collect on his dishonored checks violated the Federal Fair Debt collection Practices Act 15 U.S.C. §§ 1692 et seq. ("FDCPA"). Presently before the Court is Defendants' Motion to Dismiss claims from Plaintiffs' Second Amended Complaint ("SAC") that the request for a $25 service charge to Abels violated the FDCPA. The Court held a hearing on Defendants' Motion on June 5, 2006. Based on the arguments of counsel at the hearing and on the papers submitted, the Court DENIES Defendants' Motion to Dismiss.

## II. BACKGROUND

In 1993, Abels, wrote two separate checks to Millers Outpost and Inland Valley D. (SAC ¶¶ 8, 24.) Defendant ORM allegedly acquired Abels's debt and retained defendants Jack Boyajian and JBC Legal Group to assist with collecting Abels's debt. (SAC ¶¶ 9, 11, 25 & 26.) Plaintiffs filed suit against Defendants for violations of the FDCPA 15 U.S.C. §§ 1692 et seq. based on the content of two letters Defendants sent Abels on April 24, 2004. Both letters informed Abels that his checks had "not been accepted for payment by [his] bank" and that the "full amount of the check(s) and the applicable service charge [listed as $25] ... is now due in [Defendants'] office." (SAC ¶¶ 16–19 & 31–34.) Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), Defendants move to dismiss Plaintiffs' claims that the $25 service charge is a violation of FDCPA.

## III. STANDARDS

The strict standard for granting a motion to dismiss under Rule 12(b)(6) is set forth in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. 99; *Moore v. City of Costa Mesa,* 886 F.2d 260, 262 (9th Cir.1989). "[A] complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." *Haddock v. Bd. of Dental Exam'rs,* 777 F.2d 462, 464 (9th Cir.1985), Furthermore, "all material allegations in the complaint are to be taken as true and construed in the light most favorable to the non-moving party," and any existing ambiguities must be resolved in favor of the pleading. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir.1986); *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir.1973).

## IV. DISCUSSION

Defendants move to dismiss the claim that the $25 service charge is a violation of the FDCPA arguing that existing state laws allow the charge. Under the FDCPA, 15 U.S.C. § 1692(f)(1), collection of an amount that is either "expressly authorized by agreement creating the debt or permitted by law" does not constitute a violation of the FDCPA. In this case, since there have been no allegations that the parties agreed to the service charge, it can only be justified if a specific state statute permits a debt collector to impose additional charges. *Newman v. Checkrite Cal., Inc.,* 912 F.Supp. 1354, 1368 (E.D.Cal., 1995). Specifically, Defendants rely on the legislative history of California Civil Code § 1719, and on the text of California Commercial Code § 2710 and California Civil Code § 3300 to support their claims that pre-existing law allowed collection of the additional charge.

### A. California Civil Code § 1719

█ Prior to the 1996 amendment to California Civil Code § 1719, the existing law stated that the payee of a check was liable for the amount of the check plus damages three times the original amount of the check so long as damages were no less than $100 and no more than $1500. In response to *Newman,* 912 F.Supp. at 1368, holding that charges must be "commercially reasonable," the California State legislature passed an amendment allowing payees to recover a $25 service charge for the first check passed on insufficient funds and $35 for subsequent checks. The amendment also allowed the term "payee" to include assignees. (*See Assembly Third Reading of Assembly Bill 2643,* attached to Defs.' Decl. of T. Nunnemaker In Supp. of Def.'s Opp. to Pl.'s Mot. for Summ. J. as Ex. 1 at 5 (Docket Item No. 115).) However, the amendment does not authorize the addition of the service charges for dishonored checks prior to January 1, 1997, the date the amendment took effect. *Ballard v. Equifax Check Services, Inc.,* 27 F.Supp.2d 1201, 1205 n. 6 (E.D.Cal.1998) (1996 amendment is inapplicable since Gary Ballard's check was written in 1996); *See also Irwin v. Mascott,* 96 F.Supp.2d 968, 979–980 (N.D.Cal.1999) (Cal. Civil Code § 1719 is not retroactive and does not apply to checks written before 1997).

█ Additionally, the legislature purposely did not include retroactive language to limit liability of payees who imposed service charges prior to 1997 or to state that the amendment is declaratory of existing law. (*See Assembly Bill 264.3,* attached to Defs.' Decl. of T. Nunnemaker In Supp. of Def.'s Opp. to Pl.'s Mot. for Summ. J. as Ex. 7 at 27 (Docket Item No. 115) showing the amendment originally included language indicating the amendment was declaratory of existing law but was removed prior to enactment and attached as Ex. 5 at 19, showing the original amendment included language preventing liability for imposing any service charges between 1992–1997 which was also removed.) For a statute to act retroactively, basic canons of statutory construction require clear indications that the legislature intended it to do so. *Western Security Bank v. Superior Court,* 15 Cal.4th 232, 243, 62 Cal.Rptr.2d 243, 933 P.2d 507 (Cal. 1997). In this case, given that the legislature removed any language that would allow the statute to be interpreted as retroactive or as a clarification, the 1996 amendment does not apply to checks written prior to January 1, 1997.

### B. California Commercial Code § 2710 and California Civil Code § 3300

█ Under California Commercial Code § 2710 a seller can recover incidental damages for a dishonored check that are commercially reasonable and has the right un-

der California Commercial Code § 3310(b)(3) to either enforce the instrument or the obligation. A seller's rights can also be assigned, pursuant to California Commercial Code § 2210(2), so long as it does not change the duty or risks to the other party. Thus, a seller could assign to a third party all rights, including those to damages for breach of contract or performance of the obligation. *Id.*

The relevant question in this case is whether Defendants took the place of Plaintiffs' original creditors as their assignee. Although the court in *Ballard,* 27 F.Supp.2d at 1206, held that a debt collector could not apply a service charge as an incidental damage in the place of a seller under California Commercial Code § 2710, this holding is distinguishable since defendant in that case only owned the face value of the check and not the complete set of rights of the seller. *Id.* at 1207. If Defendants did acquire the rights of a seller through assignment, whether the $25 service charge is commercially reasonable is dependent on what would have been commercially reasonable for the merchant to charge within the context of the specific incident. *Newman,* 912 F.Supp. at 1368.

Similarly, under California Civil Code § 3300 which awards damages for detriment proximately caused by a breach of contract, Defendants are only permitted to impose a service charge if they were the assignees of Plaintiffs' original creditors, acquiring all the same rights under the contract. Furthermore, also similar to the evaluation under California Commercial Code § 2710, even if Defendants were the assignees of Plaintiffs' original creditors, the $25 service charge must be within the expectations of the parties at the time the contract was entered into in order to qualify as special damages. *See Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified Sch. Dist.,* 102 P.3d 257, 261–62 (Cal.2004). Since Defendants are the assignees of the original parties to the contract, the assessment of proximate damages is based on those that the merchant suffered and not on Defendants' costs.

The Complaint does not allege the facts surrounding the assignment of the debt to Defendants. Thus, because application of both statutes involve issues of disputed fact, a Motion to Dismiss under Rule 12(b)(6) is inappropriate.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is DENIED.